### In re HUGHES' ESTATE.

(*Surrogate's Court, New York County.*    October 12, 1888.)

ALTERATION OF INSTRUMENTS—WHEN MADE—PRESUMPTION.
   An alteration in a voucher will not be considered to have been made after filing, unless the evidence establishes such to be the fact.

On motion to confirm the referee's report in the matter of the estate of David M. Hughes, deceased. The question in this case was whether the words "to date," erased from a bill (voucher 14a) filed with the account, were erased before or after it was filed. The remarks of the surrogate, referred to in the opinion, do not appear on the record.

*Hutchins & Platt*, for the executor.    *Stephen O. Lockwood*, special guardian.    *Austin G. Fox*, for Waldo Hutchins and others.

RANSOM, S.    After a very careful reading of all the testimony in the reference to Judge ROLLINS in this proceeding, I have decided that his report should be confirmed. The observations made by me at the conclusion of the argument of the motion to confirm the referee's report were fully warranted, and they will stand as a part of this memorandum.[1] In his opinion the referee disposes of the question whether the voucher 14a was or was not altered after it was filed in this court, by saying that the evidence does not satisfy him that it was so altered after it was filed. I substantially agree with him in this regard. From all the testimony I am unable to find that it was or was not altered after it was filed. I regard the failure of both sides to this question to prove the exact fact as deplorable. The person who altered this voucher so carefully, not by simple obliteration of the words "to date," which would have been the natural way of making the alteration, but as a matter of fact made the alteration in the most painstaking manner,—really extracting the

---

[1] The observations referred to are not reported

words "to date," and leaving the paper so that, even if subjected to reason-ably close scrutiny by the naked eye, it would appear that those words had: never been in fact a part of it,—it seems to me, should have been made to state positively that he did not make such alterations after it was filed. He does not attempt to explain why he was at such pains to remove from the paper all evidence that the words "to date" had once been a part of it. For his own sake, and for that of his employers, the executor's attorneys, I think he should have done so. On the other hand, the special guardian, it seems to me, knew to a certainty whether the voucher had been altered after it was filed, but he fails to testify to that point positively. He examined this voucher after it was filed, and before the attorneys for the executor made their claim. for the *per diem* allowance for many days of service prior to the date of the voucher. After such claim was made he again examined it, and it seems to me he should have been able to testify positively as to its condition on both occasions. · The important question, therefore, referred to the referee cannot. be fairly settled either way. One question is, however, at rest. This voucher was altered, and such alteration was made by the managing clerk of the executor's attorneys, and the purpose and effect of such alteration was to clear the way for their application for the *per diem* allowance for services, for which, as matter of fact, they had already been fully paid. One other fact I regard. as fully established by the evidence: that no member of the firm of the ex-ecutor's attorneys had any personal knowledge that the voucher had been or· was to be altered by their clerk. Nor have I ever regarded this investigation. as reflecting upon them personally, but rather upon the "loose and clumsy" methods (to use their own words) of business in their office, intrusted to the· management of this clerk. There was no clumsiness displayed by him in. altering this voucher; but in his feeble attempts to explain why he altered it, he is clumsy enough. The testimony, or lack of testimony, on this point. alone has created a doubt in my mind which, after considerable hesitation, I am of opinion is a reasonable doubt, of the actual fraudulent intent of this· man. I give him the benefit of the rule in criminal cases. I conclude, there-fore, that the executor is entitled to such costs and disbursements on the accounting as the statute authorizes, to be ascertained and adjusted under the: rules of this court.